T.C. Summary Opinion 2006-27

UNITED STATES TAX COURT

DOUGLAS L. AND NANCY H. MAXFIELD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8075-04S.              Filed February 16, 2006.

Douglas L. and Nancy H. Maxfield, pro se.

<u>Avery Cousins III</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

--------

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect during the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' 2000 and 2001 Federal income taxes and accuracy-related penalties as follows:

| Years | Deficiency | Sec. 6662 Penalty |
|-------|-----------|-------------------|
| 2000 | $22,221 | $4,444.20 |
| 2001 | 20,892 | 4,178.49 |

The issues are (1) whether petitioners are entitled to various deductions claimed on Schedule C, Profit or Loss From Business, for the years in issue, and (2) whether petitioners are liable for the penalties under section 6662.  At the time the petition was filed petitioners resided in Bowie, Maryland.

## Background

The facts may be summarized as follows.  Petitioners filed Federal income tax returns for the taxable years 2000 and 2001. Each return included a Schedule C for Common Sense Consultants, Inc. (CSCI),[2] and Galaxy 6 (Galaxy).  Petitioners reported gross receipts, cost of goods sold, and deductions for the two entities as follows:

|  | 2000 | 2001 |
|--|------|------|
| **Galaxy 6** | | |
| Gross receipts | $3,883 | $8,240 |
| Cost of goods sold | 5,755 | -0- |
| Expenses: | | |
| Advertising | 82 | 424 |
| Bad debt | -0- | 926 |
| Travel | -0- | 198 |

---

[2]  CSCI was not incorporated.

Other expenses:

| | | |
|---|---|---|
| Mountain View | -0- | 6,500 |
| Bank service charge | -0- | 50 |
| Bank tracing costs | -0- | 598 |

CSCI

| | | |
|---|---|---|
| Gross receipts | $31,265 | 25,850 |
| Cost of goods sold | 15,157 | -0- |

Expenses:

| | | |
|---|---|---|
| Advertising | 2,100 | -0- |
| Car | 15,382 | 17,062 |
| Depreciation | 763 | 3,944 |
| Insurance | 3,493 | 3,768 |
| Legal | -0- | 1,544 |
| Office | -0- | 3,398 |
| Rental | 203 | -0- |
| Repairs | 8,977 | 10,049 |
| Supplies | 3,467 | 4,495 |
| Taxes & licenses | 427 | 137 |
| Travel | 2,450 | 579 |
| Meals & entertainment | 2,631 | 2,516 |
| Utilities | 6,939 | 8,275 |
| Equipment & upgrades | 6,503 | 768 |
| Work clothes | 3,319 | 957 |
| Lodging | 3,384 | 936 |
| Publications | 606 | 423 |
| Political contributions | 220 | -0- |
| Donations | -0- | 224 |
| Postage | 307 | 141 |
| Training, etc. | 487 | 1,227 |
| Expenses (boat) | -0- | 6,531 |
| Dry Cleaning | 195 | -0- |
| Equipment | -0- | 5,260 |
| Materials | -0- | 4,168 |

Galaxy appears to have been a conduit for credit card payments for rents on cabins in Washington State that were owned by the mother and brother of petitioner Douglas L. Maxfield (petitioner). The reason for this arrangement is unclear.

CSCI is, using petitioner's words, "an umbrella business that deals in legal issues, construction issues, any [sic] advice." While petitioner allegedly gives legal advice, he does not practice law. Apparently, the construction aspect of CSCI during the years before the Court involved property belonging to the parents of petitioner Nancy H. Maxfield. Petitioner also was a "hearing officer for section 8 assistance and terminations" in Prince George's County, Maryland, for which he was paid $4,987.50.

Petitioner's records for the deductions listed above consisted of credit card monthly statements. With respect to the expenses for car, repairs, and a portion of the insurance the deductions allegedly relate to petitioner's expenses for local transportation. Petitioner claimed deductions for both alleged mileage and actual expenses. The travel and lodging expenses relate to trips to California, Florida, and Texas by automobile, and to Alaska and Washington State by airplane. Petitioner did not maintain any logs or similar type records concerning the automobile or travel expenses. The deductions for insurance include insurance for automobiles, a boat, homeowners insurance, and life insurance on petitioner.

At trial respondent was willing to allow the following cost of goods sold and deductions for trade or business expenses:

|                        | 2000   | 2001    |
|------------------------|--------|---------|
| Cost of goods sold[1]  | $2,100 | -0-     |

Deductions

|                  | 2000 | 2001    |
|------------------|------|---------|
| Car              | 7,634 | $10,284 |
| Insurance        | 33    | 33      |
| Legal            | -0-   | 772     |
| Supplies         | 626   | 1,001   |
| Utilities        | 763   | 900     |
| Publications     | 100   | 100     |
| Postage          | 154   | 71      |
| Training, etc.   | 244   | 614     |
| Advertising[2]   | 82    | -0-     |

[1] Claimed with respect to Galaxy.
[2] Claimed with respect to Galaxy.

These deductions are based on the assumption that petitioner operated a trade or business of being a housing hearing officer for the county under CSCI.  During the trial, the parties agreed that Galaxy was a conduit; the income should not have been reported, and the deductions claimed, other than those stated for the year 2000 and the amounts paid to petitioner's mother, were not allowable.

Discussion

A. Deductions

Section 162 allows a deduction for "all the ordinary and necessary expenses paid * * * during the taxable year in carrying on any trade or business".  Similarly, section 212 allows deductions for ordinary and necessary expenses incurred "for the production or collection of income." On the other hand, "no

deduction shall be allowed for personal, living, or family expenses." Sec. 262(a). Furthermore, section 274(d) provides that no deduction shall be allowed, inter alia, with respect to travel and entertainment expenses and "listed property (as defined in section 280F(d)(4))" unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (1) the amount of such expense or item, (2) the time and place of the travel, entertainment, or use of the property, (3) the business purpose of the item, and (4) the business relationship to the taxpayer of the persons entertained or using the property. Listed property includes passenger automobiles. Sec. 280F(d)(4)(A)(i).

Petitioner claims to have two separate businesses operating under the names of Galaxy and CSCI. Petitioner's testimony concerning both was confusing. It is axiomatic that a taxpayer must be engaged in a trade or business if any expense is deductible under section 162. Respondent concedes that petitioner was engaged in a trade or business, but, as far as we can determine from this record, that concession is based on petitioner's activity as a hearing officer for the county. Petitioner also claims that he "deals in legal issues". We found that his testimony concerning this activity was, at best, confusing and contradictory. First, his testimony concerning income from this activity was obtuse. He "went out to California

and did an estate out there when my cousin died." He went to Florida as a "process server and served my ex son-in-law some papers". He helped "several old folks" in Texas with Social Security and "got them food stamps and a little money and their medical services." He helped another person get veteran's benefits. Petitioner is not licensed to practice law. Furthermore, he has no records concerning these activities, and there is no indication of what, if any, income petitioner derived from these endeavors. Second, with regard to the construction activity, petitioner testified that he had closed that activity before the year 2000. While there is some indication that some work was done on his in-laws' residence, petitioner's role in that work is unspecified.

Most of the deductions claimed for expenses are patently without legal bases.[3] Petitioner claimed deductions for boat expenses, but he has no records to support any business use of the boat. He has no logs or any other documentation showing the business use of any automobiles that satisfy the requirements of section 274(d).[4] Moreover, he deducted both actual expenses and

---

[3] The provisions of sec. 7491(a)(1) do not apply. Petitioners have not satisfied the record-keeping requirements of sec. 7491(a)(2).

[4] Respondent, however, did allow a deduction for automobile expenses based on mileage that includes an element of the cost of insurance.

mileage for the automobiles.  The deductions claimed for clothes and food were for everyday clothing and meals which are clearly personal expenses.  The claimed utility expense deductions were for the total utilities for his home and clearly have more than an incidental personal portion in the amount claimed.[5]  Even putting aside the failure to comply with section 274(d), there is no evidence as to the business nature of the claimed travel and lodging expenses.  Petitioner's testimony concerning the travel expenses indicates that members of his family traveled with him.  The insurance, other than that allowed by respondent, consisted of personal life insurance and automobile insurance.  In sum, we find no basis for the amount of the deductions claimed.

B. Section 6662 Penalties

Section 6662(a) provides a penalty in an amount equal to 20 percent of the portion of any underpayment attributable to, among other things, "Negligence or disregard of rules or regulations".  Sec. 6662(b)(1).  "'Negligence' includes any failure to make a reasonable attempt to comply with the provisions * * * [of the Internal Revenue Code], and the term 'disregard' includes any careless, reckless, or intentional disregard."  Sec. 6662(c).  Negligence also includes any failure by the taxpayer to keep

---

[5]  Respondent allowed a portion of the utilities and homeowners insurance based on petitioner's use of a portion of his home for business purposes.

adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. We have no difficulty in finding that petitioners are guilty of negligence for both years before the Court.[6] They claimed deductions that are clearly improper and made no attempt to keep satisfactory records as required by section 6001. Petitioners claim that they used "Turbo Tax", a computer program for preparing tax returns, and any fault lies with that program. While section 6664(c) provides an exception for a portion of the underpayment due to reasonable cause, petitioner's have not shown reasonable cause here. The "Turbo Tax" program depends on the entry of correct information. Petitioners certainly knew that they were deducting personal expenses when they entered items such as routine meals, clothing, insurance, etc. Respondent's determinations are sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect respondent's concessions at trial,

Decision will be entered

under Rule 155.

---

[6] Respondent has met his burden of production with respect to the penalties, sec. 7491(c), and petitioners bear the burden of proof, Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).